**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES DITSCHE<br>4512 E. Stiles Street<br>Philadelphia, PA 19124<br>   Plaintiff,<br><br>  v.<br><br>CITY OF PHILADELPHIA, d/b/a<br>PHILADELPHIA PARKS AND<br>RECREATION DEPARTMENT<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, James Ditsche, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action against the City of Philadelphia, Philadelphia Parks & Recreation Department (hereinafter referred to as "Defendant") for violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq*.). This lawsuit is premised upon wrongful termination from employment (as well as unlawful pre-termination dissuasion and interference). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to the Family and Medical Leave Act ("FMLA"). This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over

Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over any state claims Plaintiff may pursue (now or in the future) because such claim(s) would arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.    Parties

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult with an address as set forth above.

7.      The City of Philadelphia, by and through its departments (such as Parks & Recreation), is a municipal entity operating in the State of Pennsylvania and employing more than 100 employees in many organizations, branches, and departments.

8.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## IV.     Factual Background

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant effective on or about August 11, 2014; and in total, Plaintiff was employed with Defendant for approximately 6.5 years.

11. Plaintiff was at all relevant times a full-time employee of Defendant working as a plumbing and heating maintenance worker.

12. As to Plaintiff's role at work, Plaintiff was managed by Michael Finnen (Plaintiff's immediate supervisor).

13. Plaintiff was considered to work within Defendant's Parks & Recreation Department until being involuntarily terminated effective on March 17, 2021 (as outlined *ad nauseum*, *infra*).

14. On March 1, 2021, Plaintiff contacted Keivanna Jones ("Jones," working within Defendant's Health Department) via e-mail seeking FMLA forms for medical leave. Plaintiff was immediately referred to Romesha Wilson ("Wilson"). Wilson was copied on the response from Jones wherein Jones referred Plaintiff to Wilson for FMLA documentation. Wilson has and remains employed by Defendant as "human resources" for Defendant's Parks and Recreation Department.

15. Plaintiff needed leave under the FMLA in March because his elderly mother was very ill, and she was unable to care for herself. Prior to March of 2021, Plaintiff had been an exemplary employee performing his job exceptionally well in all respects.

16. To be blunt, Wilson handled Plaintiff's FMLA needs totally incorrectly, negligently and incompetently. She then caused Plaintiff to be terminated (discussed in depth

3

below) due to her own continual errors, mistakes *and unlawful handling of FMLA administration*.[1]

17.    By March 9, 2021, Plaintiff's mother had fallen and had substantial injuries to her leg, back and hip. Plaintiff was seeking FMLA leave from his immediate supervisor and human resources and consent to start his FMLA leave for over a week.[2]

18.    Despite Plaintiff requesting FMLA *for over a week*, it was not until March 10, 2021 that Wilson decided to document to Plaintiff: "On Friday March 5, 2021, you have requested Family and Medical Leave ("FMLA") for Family Member's Serious Health Condition. Enclosed please find the "Notice of Eligibility and Rights and Responsibilities," the "Certification of Health and Care Provider for Family Member's Serious Health Condition" forms (FMLA Certification) along with other information." Per the correspondence and attachments to Plaintiff, Plaintiff was given *until "March 25, 2021"* to return all FMLA documentation to support his FMLA needs, absence and leave.

19.    There was literally **a documented e-mail chain** wherein Plaintiff had requested FMLA documentation on March 1, 2021 (wherein *Wilson was a part* of that e-mail chain). Pursuant to 29 C.F.R. § 825.300(b)(1), Defendant was *statutorily required* to provide Plaintiff with all FMLA documentation "**within five business days**" of March 1, 2021.[3]

20.    The March 10, 2021 letter Wilson wrote to Plaintiff *falsely* identified that Plaintiff requested FMLA documentation or notified of FMLA needs on "March 5, 2021." Wilson

---

[1] The mishandling of Plaintiff's FMLA needs, the gross incompetence of statutory non-compliance, and the prejudice Plaintiff suffered was outrageous and egregious.

[2] Plaintiff was unaware that he was supposed to be permitted to immediately use FMLA leave and thereafter be given documents to justify his urgent need for FMLA.

[3] All FMLA documents were federally required to be provided to Plaintiff by no later than March 7, 2021.

4

selected *a false date* 5 days from her notification to give the impression Defendant was statutorily compliant (thus knowingly placing a false date in such letter).[4]

21.     Plaintiff would have commenced FMLA leave *sooner*, but he was being told that he was not permitted to commence FMLA leave until HR "approved" his FMLA leave. This was <u>extremely prejudicial</u> to Plaintiff. In fact, the majority of employees nationwide start using federally-protected leave time under the FMLA due to issues that suddenly come up without notice (and **later** submit FMLA paperwork **after** already commencing FMLA leave).

22.     Plaintiff's supervisor (Finnen) even memorialized Defendant's unlawful administration of the FMLA. On March 10, 2021, Finnen engaged in e-mail exchanges with Wilson and others wherein he **actually memorialized** that Plaintiff was told "he can not go on FMLA without HR approval." Defendant's prohibition of permitting Plaintiff to care for his mother for *over a week* was *per se* unlawful. *See* 29 C.F.R. § 825.313 (where medical leave needs are "unforeseeable," the employee has "15 calendar days from receipt of [FMLA documents and the certification]" to return such documentation justifying his ongoing need for FMLA leave.[5]

23.     Federal leave under the FMLA is expressly for unforeseeable circumstances (and for imminent leave needs), but Defendant illegally treated the FMLA like it was some kind of

---

[4] Plaintiff omits a substantial block citation herein. But the failure to provide an employee with FMLA documentation within five days of such needs prohibits an employer from contesting the employee's need for FMLA leave (or from requiring FMLA documentation to later justify the FMLA absenteeism).

[5] Accepting Defendant's *per se* <u>unlawful administration</u> of FMLA leave, an employee in a car accident with severe injuries, an employee whose wife becomes immediately hospitalized with a stroke, or an employee whose child falls and fractures his skull at school must continue working for weeks without ever being allowed to treat, see, or care for his or her family member while an employer processes paperwork. The actual FMLA regulations themselves prohibit this approach and even give examples. *See e.g.* 29 C.F.R. § 825(b)(explaining where FMLA leave needs are "unforeseeable," such as "in the case of a medical emergency," an employee can continue using FMLA leave and even be entitled to longer than 15 days to provide FMLA documentation supporting a medical need for absences. In fact, the only time FMLA leaves are normally foreseeable such that approval can be given pre-leave is for maternity or paternity leave.

vacation policy requiring weeks of approval processes before it can start (regardless of employee or medical exigency).

24. After waiting 10 days to be permitted to start caring for his mother (who needed care sooner), Plaintiff had no choice but to leave work on March 10, 2021 to start providing care for his mother. She needed help and could not care for herself. Finnen memorialized to Wilson and others via e-mail on March 10, 2021 that Plaintif said he had to start his FMLA that day and left his shift early to commence FMLA.

25. The *only reason* Plaintiff was even sent the March 10, 2021 letter from Wilson is because he waited so long to care for his mother, complained to his immediate management that HR was not following up with him, and that he had to stop working to take care of his mother on March 10, 2021.

26. In fact, Joseph Rainis ("Rainis"), a Superintendent for Defendant's Parks and Recreation Department, wrote in an e-mail on March 10, 2021 to Wilson and others that Plaintiff complained: "[H]e has tried to get in touch with [HR] and he has not received anything back from HR. So, at this point James has left work and he said he is on FMLA."

27. As of March 10, 2021, Defendant had: (a) ignored Plaintiff's pleas to start FMLA to take care of his mother; (b) did not timely give him any FMLA documents per statutory requirements; and (c) prejudiced Plaintiff by not letting him start using FMLA leave earlier.

28. After Wilson was exposed for ignoring Plaintiff for approximately 10 days, she then falsified the date on the FMLA notice as if Plaintiff sought FMLA only 5 days earlier, not 10 days earlier.

29. Compounding Wilson's incompetence, the physician whom Plaintiff took FMLA documents to would not agree to fill them out because of Defendant's ongoing FMLA mistakes.

In particular, Wilson had sent Plaintiff FMLA forms with a different employee's health / personal information within them (giving Plaintiff the FMLA forms of a different employee). Plaintiff was willing to cross out or write over the other employee's information, but no reasonable physician would fill out or prepare FMLA documentation bearing a different employee's information.

30. Plaintiff was then provided with revised FMLA documentation; but before he could even get it filled out or submitted to Defendant, he was suddenly terminated effective March 17, 2021. This was **despite** that his FMLA forms expressly stated he had **until** "March 25, 2021" to submit FMLA forms to justify his FMLA absence(s). Pursuant to 29 C.F.R. § 825.313, Defendant was statutorily required to give Plaintiff **at least** 15 days to get his FMLA forms filled out to justify his prior (or ongoing) FMLA usage. Thus, Defendant even ignored its own forms giving Plaintiff 15 days (per FMLA regulations), as well as requirements of the FMLA.

31. Plaintiff kept in touch with Defendant's management and human resources while out confirming his need for FMLA, care for his mother, and attempts to get FMLA documents filled out / submitted.

32. Shockingly (and falsely), Plaintiff was terminated though effective March 17, 2021. And the basis of Defendant's termination was: Plaintiff was "charged absent without leave (AWOL) for five (5) consecutive days from March 10, 2021 to March 16, 2021 . . . and did not "report to work as scheduled." A letter to Plaintiff from Misty Caleb (Human Resources Manager) memorialized that on "March 17th [Plaintiff] was advised that [he was] being terminated for job abandonment after reaching five (5) consecutive AWOL days."

7

33. Defendant's non-compliance with the FMLA, termination of Plaintiff for using FMLA, and completely illegal FMLA administration literally shocks the conscience of any objectively reasonable person. And all levels of management and human resources were on e-mails outlining all of the above, illustrating institutional incompetence and illegality.

34. Plaintiff seeks all available remedies including but not limited to backpay, reinstatement, front pay (if reinstatement is not feasible), liquidated damages, attorney's fees, and costs (among any other damages available).

## Count I
## Violations of Family and Medical Leave Act ("FMLA")
(Interference & Retaliation)

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff was a full-time employee who worked for Defendant for more than 1 year within a location that employed at least 50 employees within 75 miles. Plaintiff met all eligibility requirements to be legally entitled to FMLA at anytime in calendar year 2021 (inclusive of March, 2021 and thereafter).

37. Plaintiff seeks relief herein for: (a) Defendant's failures to properly designate FMLA, failure to provide proper information and notices and to follow FMLA regulations; (b) Defendant's attempts and actions to dissuade use of FMLA rights and privileges; (c) Defendant's mistreatment of Plaintiff for his exercise and/or attempted exercise of her FMLA rights (including preventing him from taking necessary leave and forcing him to continue working); and (d) for terminating Plaintiff because of and following the functional exercise of his FMLA rights and to prevent Plaintiff from further exercising his FMLA rights.

38.     The actions and inactions as outlined in this entire complaint and only briefly summarized in this Count Section constitute both interference and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policies, practices, or custom(s) of discriminating or retaliating against employees based on FMLA needs, and is to be ordered to promulgate an effective policy against such discrimination/retaliation/interference and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, reinstate Plaintiff where determined to be possible and/or feasible, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay (absent reinstatement), salary, pay increases, bonuses, many remaining unpaid expenses incurred while working for Defendant, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict, and Plaintiff specifically seeks reinstatement as a remedy herein;

C.      Plaintiff is to be liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Date: December 17, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

James Ditsche : CIVIL ACTION
v. :
City of Philadelphia, d/b/a Philadelphia Parks and Recreation Department   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 12/17/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4512 E. Stiles Street, Philadelphia, PA 19124

Address of Defendant: 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/17/2021 _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A.  *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf , counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 12/17/2021 _____  ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DITSCHE, JAMES

### DEFENDANTS
CITY OF PHILADELPHIA, D/B/A PHILADELPHIA PARKS AND RECREATION DEPARTMENT

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | | | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | **X** 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601)

Brief description of cause:
Violations of the FMLA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** **X** Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/17/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____